UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON NORTON,

        **Plaintiff,**        CIVIL ACTION NO. 08-CV-15127-DT

vs.

        DISTRICT JUDGE MARIANNE O. BATTANI

JACQUELINE NADEAU,        MAGISTRATE JUDGE MONA K. MAJZOUB
JERI ANN SHERRY,
MARK A. JOHNSON,
PATRICIA L. CARUSO,

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    The Motion for Summary Judgment filed by Defendants Nadeau, Sherry, Johnson, and Caruso on June 3, 2009 (docket no. 15) should be **GRANTED**, and this action should be dismissed.

**II.**    **REPORT:**

    **A.**    **Facts, Claims, and Procedural History**

Plaintiff is a Michigan state prisoner who was incarcerated at the Straits Correctional Facility beginning in December 2007. (Docket no. 1 at 2). He alleges in this action filed pursuant to 42 U.S.C. § 1983 that Defendants were deliberately indifferent to unsafe conditions at that prison, such as a lack of fire suppression equipment, and to overcrowding there in violation of his Eighth Amendment rights. (*Id*.). He seeks only injunctive relief. (*Id*. at 3). Plaintiff does not seek damages. (Docket no. 16 at 1 ("there is no monatery [sic] damages as relief")).

Defendants move for summary judgment arguing that Plaintiff's claim fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b) and 56(b). (Docket no. 15). Defendants also argue that they are protected by Eleventh Amendment and qualified immunity. (*Id.*). Finally, Defendants argue that there are no genuine issues of material fact and that they are entitled to summary judgment. (*Id.*).

Plaintiff has responded to Defendants' motion. (Docket no. 16). Plaintiff also filed a change of address notification which shows that he is no longer incarcerated at the Straits Correctional Facility but has been transferred to the Thumb Correctional Facility in Lapeer, Michigan. (Docket no. 18). All pretrial matters have been referred to the undersigned for action. (Docket no. 20). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling.

**B.     Governing Law**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

A court may raise the issue of mootness *sua sponte* because it is a jurisdictional issue. *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). The Sixth Circuit holds that the transfer of a prisoner to a different prison moots the prisoner's claim for injunctive relief. *Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Alexander v. Carrick*, 31 Fed. App'x 176, 178 (6th Cir. 2002).

Plaintiff's change of address to a different prison was filed about a month and a half after Defendants filed their Motion for Summary Judgment. They do not raise this defense, apparently because Plaintiff had not been transferred at the time they filed their motion. Nevertheless, because the issue determines this Court's jurisdiction, this Court must consider the effect of Plaintiff's transfer upon his claims. Plaintiff seeks only injunctive relief and not damages in this action. (Docket no. 1, 16). Plaintiff's request for injunctive relief is moot given his transfer to a different correctional facility. *See Cardinal*, 564 F.3d at 798-99. Therefore, Defendants are entitled to summary judgment.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 08, 2009         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Jason Norton and Counsel of Record on this date.

Dated: September 08, 2009         s/ Lisa C. Bartlett
                                  Courtroom Deputy

-4-